FILED

March 10, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002473160

**3**

1  PROBER & RAPHAEL
   A LAW CORPORATION
2  DEAN PROBER, ESQ., #106207
   LEE S. RAPHAEL, ESQ., #180030
3  CASSANDRA J. RICHEY, ESQ. #155721
   DAVID F. MAKKABI, ESQUIRE #249825
4  P.O. Box 4365
5  Woodland Hills, California 91365-4365
   (818) 227-0100
6  (818) 227-0101 facsimile
7  F.040-1304
   Attorneys for Secured Creditor U.S. Bank, N.A., its successors and/or assigns
8
                 UNITED STATES BANKRUPTCY COURT
9
10               EASTERN DISTRICT OF CALIFORNIA

11  In re                                    Bk. No. 09-62699-B-7

12  FELIPE LAINES AKA FELIPE LAINES          Motion No. PPR-1
13  ALFARO
                                             CHAPTER 7
14           Debtor
                                             Hearing-
15                                           Date : April 14, 2010
                                             Time : 11:00 am
16  JEFFREY M. VETTER,                       Place : U.S. Bankruptcy Court
17                                                   1300 18th Street
             Trustee,                                Bakersfield, CA
18                                                   Suite B
19  _____ /              Judge: W. Richard Lee

20

21           U.S. BANK, N.A., ITS SUCCESSORS AND/OR ASSIGNS'
                MOTION FOR RELIEF FROM AUTOMATIC STAY
22

23          U.S. Bank, N.A., its successors and/or assigns, a holder in due course, move the

24  Court for relief from the Automatic Stay provided by 11 U.S.C. §362.  This motion seeks an

25  Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee

26  under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee)

27

28

                                        1

may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property.

Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" due to the failure of Debtor to make required payments and pursuant to 11 U.S.C. §362(d)(2) and alleges that, in accordance with the information set forth in the attached Declaration, there is no equity present in the subject real property to justify the continuance of the Automatic Stay. See Stewart v. Gurley 745 F 2d 1194 (9th Cir. 1984).

This Motion is being heard on 28-day notice, pursuant to LBR 9014-1 (f)(1). Opposition to this motion, if any, shall be in writing and shall be served and filed with the Court at least fourteen (14) calendar days preceding the date of hearing.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§ 361 and 362, including a requirement that Debtor reinstates all past arrearages and immediately commence regular monthly payments.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Movant also seeks an Order waiving the 14-day stay as provided by Bankruptcy Rule 4001(a)(3).

In addition, Movant requests such further relief as is just.

This Motion is based on these moving papers, as well as the attached Declaration and the Relief from Stay Information Sheet, filed separately and concurrently with this Motion.

In the event neither the Debtor, Debtor's counsel or Trustee files a timely opposition to this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtor's property located at **10802 Vista Bonita Drive, Bakersfield, California** and obtain possession of such property without conducting a hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

4.) For such other relief as this Court deems appropriate.

DATED: March 2, 2010

PROBER & RAPHAEL
A LAW CORPORATION

/s/ CASSANDRA J. RICHEY, ESQ. #155721
Attorney for Secured Creditor